ROBERT P. HENK, Bar No. 147490
SHERI L. LEONARD, Bar No. 173544
HENKLEONARD
A Professional Law Corporation
735 Sunrise Avenue, Suite 160
Roseville, CA 95661
Phone:  (916) 787-4544
Fax:      (916) 787-4530

Attorneys for Plaintiff
MARY G. GONZALES

STEVEN W. MOORE, Bar No. 193068
MARY PRICE BIRK, *Pro Hac Vice*
BAKER & HOSTETLER LLP
303 East 17th Avenue, Suite 1100
Denver, CO  80203-1264
Telephone:    303.861.0600
Facsimile:     303.861.7805
Email:          smoore@bakerlaw.com
Email:          mbirk@bakerlaw.com

Attorneys for Defendant
ELECTRONIC DATA SYSTEMS
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY G. GONZALES,<br><br>             Plaintiff,<br><br>v.<br><br>ELECTRONIC DATA SYSTEMS<br>CORPORATION and DOES 1 through 5,<br>inclusive,<br><br>             Defendants. | Case No.  06-CV-01378-FCD-KJM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(DISCOVERY PHASE)** |

   This matter comes before the court on the parties' Stipulated Motion for Entry of Protective Order.  The court has reviewed that motion, and finds that it is meritorious and acceptable with the understanding that the Protective Order shall apply to the discovery phase of

/////

this case; to the extent any party wishes to submit any document designated CONFIDENTIAL under the Protective Order to the court at any time, the Federal Rules of Civil Procedure and the Local Rules shall govern whether and how such documents shall be sealed.  Therefore, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendant EDS; (b) Defendant EDS' trade secrets, customer information, and other confidential commercial information; (c) Plaintiff's tax returns; and (d) Plaintiff's medical records.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including the designated representatives for the Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  (e) the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g) deponents, witnesses, or potential witnesses;  and

  (h) other persons by written agreement of the parties.

 5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

 7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

 8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

 9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice

1 shall identify the information to which the objection is made.  If the parties cannot resolve the
2 objection within ten (10) business days after the time the notice is received, it shall be the
3 obligation of the party designating the information as CONFIDENTIAL to file an appropriate
4 motion requesting that the Court determine whether the disputed information should be subject to
5 the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall
6 be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on
7 the motion.  If the designating party fails to file such a motion within the prescribed time, the
8 disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be
9 treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a
10 motion filed under this provision, the party designating the information as CONFIDENTIAL shall
11 bear the burden of establishing that good cause exists for the disputed information to be treated as
12 CONFIDENTIAL.

13      10. At the conclusion of this case, unless other arrangements are agreed upon, each
14 document and all copies thereof which have been designated as CONFIDENTIAL shall be
15 returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy
16 CONFIDENTIAL documents; provided, however, that counsel for each party may retain one
17 copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and
18 all such retained documents will not be released, disclosed, or utilized except upon express
19 permission of this Court after written notice to counsel for the party that produced the documents.
20 The provisions of this Stipulated Protective Order shall survive the conclusion of this litigation
21 and continue to be binding upon all parties.

22      11. This Protective Order may be modified by the Court at any time for good cause
23 shown following notice to all parties and an opportunity for them to be heard.

24      SO ORDERED.
25      DATED:  October 2, 2006.

27                                     UNITED STATES MAGISTRATE JUDGE